## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BRIAN GALLANT, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| TD BANK, N.A., | ) ) ) |
| Defendant. | ) ) |

### NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant TD Bank, N.A. ("TD Bank") hereby removes the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "State Court") to the United States District Court for the Southern District of Florida.  As grounds for removal, TD Bank states as follows:

**I.     BACKGROUND**

1.     Plaintiff Brian Gallant ("Plaintiff") filed this putative class action, captioned *Gallant v. TD Bank, N.A.*, in the State Court on April 19, 2022 (the "Action").  The State Court assigned the Action Case Number 2022-006836-CA-01.

2.     TD Bank was served with a copy of the Complaint and Summons in this Action on May 6, 2022.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders on file with the State Court is attached hereto as Exhibit A.

3.     Plaintiff purports to bring a class action on behalf of himself and "[a]ll TD Bank accountholders who used the Zelle Service and incurred overdraft or NSF Fees as a result of a

Zelle transaction on their account," and "a]ll TD Bank accountholders in Florida who used the Zelle Service and incurred overdraft or NSF Fees as a result of a Zelle transaction on their account." Ex. A. at Compl. ¶ 50.

4. Plaintiff seeks, *inter alia*, "restitution of all fees at issue paid to TD Bank by Plaintiff and the Classes," and attorneys' fees and costs. *See* Ex. A at Compl., Prayer for Relief.

## II.   BASIS FOR REMOVAL UNDER CAFA

5. This Action is removable under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4. CAFA provides that the federal district courts "shall have original jurisdiction of any civil action" (1) which is a "class action" (2) "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," provided that (4) the members of the putative plaintiff class number at least 100. 28 U.S.C § 1332(d)(2), (5). All four conditions are met here.

### A.   The Complaint Is A Class Action.

6. Plaintiff brings this putative class action pursuant to Florida Rule of Civil Procedure 1.220 ("Class Actions") on behalf of himself and "[a]ll TD Bank accountholders who used the Zelle Service and incurred overdraft or NSF Fees as a result of a Zelle transaction on their account," and "a]ll TD Bank accountholders in Florida who used the Zelle Service and incurred overdraft or NSF Fees as a result of a Zelle transaction on their account." Ex. A. at Compl. ¶¶ 13, 50. Plaintiff alleges that the putative classes include "thousands of similarly situated TD Bank accountholders who have been deceived into using the Zelle money transfer service by TD Bank's misrepresentations and omissions[.]" *Id*. ¶ 1.

7. This is a "class action," defined under CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

### B. CAFA's Requirement Of Minimal Diversity Is Met.

8. The putative classes include "citizen[s] of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. TD Bank is a national banking association whose main office is located in Delaware as set forth in its articles of association. Accordingly, TD Bank is "located" in Delaware and is a citizen of Delaware. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) ("[A] national bank, for [Section] 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (same). An excerpt from the Office of the Comptroller of the Currency, List of National Banks Active as of 4/30/2022, indicating TD Bank's Delaware main office location, is attached as Exhibit B, and available at https://www.occ.treas.gov/topics/charters-and-licensing/financial-institution-lists/index-financial-institution-lists.html. *See also Blount v. TD Bank, N.A.*, No. 20-18805, 2021 WL 2651760, at *1 n.1 (D.N.J. June 28, 2021) ("TD Bank is a national bank association organized under the laws of the United States of America, with its main offices, as designated in its articles of association, located in the State of Delaware at 2035 Limestone Road, Wilmington.

Accordingly, TD Bank is a citizen of Delaware for purposes of determining diversity jurisdiction.").

10. Plaintiff alleges he is a citizen and resident of Florida and purports to bring suit on behalf of a nationwide class and Florida subclass of TD Bank accountholders who were assessed overdraft fees for Zelle money transfer transactions. Ex. A at Compl. ¶¶ 11, 50.

C. **The Amount in Controversy Exceeds $5 Million.**

11. Under CAFA, the claims of individual class members are aggregated to determine the amount in controversy. *See* 28 U.S.C. § 1332(d)(6).

12. Although TD Bank denies liability and denies Plaintiff's theories and claims of damages, the Complaint seeks class-wide damages, in the aggregate, that exceed the $5,000,000 amount in controversy requirement set forth in 28 U.S.C. § 1332(d)(2). The Complaint seeks actual damages and restitution on behalf of putative class members nationwide who were charged allegedly improper overdraft and NSF Fees for Zelle money transfer transactions during the applicable statute of limitations. *See* Ex. A. at Compl. ¶ 50 & Prayer for Relief. Solely for the purposes of establishing the amount in controversy for CAFA jurisdiction, TD Bank states that the amount of overdraft and NSF Fees charged to putative class members in the scenario alleged by Plaintiff exceeds $5,000,000. *See* Declaration of John Bunzel, ¶ 4 (stating that the total amount of overdraft-paid and overdraft-return (NSF) fees assessed to TD consumer deposit account holders for Zelle transactions for the period April 2020 through April 2022 was $6,314,630), attached as Exhibit C.

D. **Class Membership Exceeds 100 Persons**

13. Plaintiff purports to bring suit on behalf of himself and putative classes consisting of "thousands of similarly situated TD Bank accountholders who have been deceived into using

the Zelle money transfer service by TD Bank's misrepresentations and omissions[.]" Ex. A at Compl. ¶ 1; *see also id.* at ¶ 53 (estimating "the Classes number is greater than one hundred individuals").

14. Accordingly, the numerosity requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### III. ALL OTHER REQUIREMENTS FOR REMOVAL ARE ALSO SATISFIED

15. This Notice of Removal is filed within thirty days of May 6, 2022, the date on which TD Bank was served with a copy of the Summons and Complaint. *See* Exhibit A. Pursuant to Fed. R. Civ. P. 6(a) and 28 U.S.C. § 1446(b), the Notice is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

16. The State Court is within the Southern District of Florida, as required by 28 U.S.C. § 1446(a) and 1441(a).

17. TD Bank will provide Plaintiff with written notice of this filing and will file a copy with the State Court, as required by 28 U.S.C. § 1446(d).

### III. CONCLUSION

18. No admission of fact, law, or liability is intended by this Notice of Removal, and TD Bank expressly reserves all defenses, affirmative defenses, and motions.

WHEREFORE, for the reasons stated above, TD Bank submits this Notice of Removal and respectfully requests this Action proceed in this Court.

Dated:  June 3, 2022

>                    */s/ Jamie Zysk Isani*
>                    Jamie Zysk Isani
>                    Florida Bar No. 728861
>                    HUNTON ANDREWS KURTH LLP
>                    333 SE 2nd Avenue, Suite 2400
>                    Miami, FL 33131
>                    Telephone: (305) 810-2500

Fax: (305) 810-2460
Primary email: jisani@HuntonAK.com
Secondary email: mplantada@HuntonAK.com

Lucus A. Ritchie, Esq.
*Pro hac vice motion forthcoming*
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, Maine 04101
Telephone (207) 791-1342
lritchie@pierceatwood.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 3, 2022, a true and correct copy of the foregoing was served via email and U.S. Mail on Plaintiff's counsel at the addresses below:

Andrew J. Shamis
Edwin E. Elliott
SHAMIS & GENTILE, P.A.
14 N.E. 1st Avenue, Suite 705
Miami, FL  33132
ashamis@shamisgentile.com
edwine@shamisgentile.com

Scott Edelsberg
Christopher Gold
EDELSBERG LAW, P.A.
20900 NE 30 Ave., Suite 417
Aventura, FL  33180
scott@edelsberglaw.com
chris@edelsberglaw.com

/s/ *Jamie Zysk Isani*
Jamie Zysk Isani
Florida Bar No. 728861
HUNTON ANDREWS KURTH LLP

15035247.1
066909.0000112 EMF_US 90266564v1