# EXHIBIT A

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>Brian Gallant</u>
Plaintiff                                                Case # _____

Judge  _____

vs.
<u>TD Bank, N.A.</u>
 Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.    TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**     **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**     **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   <u>3</u>

**VI.**     **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☒ yes
    ☐ no

**VII.**     **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**     **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.**     **DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Angelica Gentile Gentile</u>      Fla. Bar # <u>102630</u>
           Attorney or party                  (Bar # if attorney)

<u>Angelica Gentile Gentile     </u>          <u>04/13/2022</u>
  (type or print name)                  Date

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT**
**IN AND FOR MIAMI-DADE, COUNTY**

| | |
|---|---|
| BRIAN GALLANT**,** individually, and on behalf of all others similarly situated, | Case No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| TD BANK, N.A., | |
| Defendant. | |

Plaintiff Brian Gallant, individually and on behalf of all others similarly situated, hereby brings this Class Action Complaint against Defendant TD Bank, N.A. ("TD Bank" or "TD") and alleges as follows:

## INTRODUCTION

1.      This lawsuit is brought as a class action on behalf of Plaintiff and thousands of similarly situated TD Bank accountholders who have been deceived into using the Zelle money transfer service by TD Bank's misrepresentations and omissions, in marketing and contract materials, regarding the true operation and risks of that service. These risks include the real and repeated risk of insufficient funds fees ("NSF fees") or overdraft fees ("OD Fees") imposed by TD Bank as a result of Zelle transfers from consumers' checking accounts.

2.      TD Bank markets Zelle to its accountholders as a way for consumers to send money they have in their account fast and "free," and that the service "won't cost you any extra money for the transaction." In short, TD Bank markets Zelle as an effortless, totally free way to send money. This is false. In fact, there are huge, undisclosed risks of using the service.

3.      Moreover, Zelle in some cases operates as a credit device, sending money consumers don't have at the cost of high OD Fees assessed by their banks. Transactions may be

approved even when there are insufficient funds in an account. But TD Bank never discloses that Zelle acts as a credit device, nor warns that it can do so.

4.     Zelle's services cause unsuspecting consumers like Plaintiff to incur significant overdraft and NSF fees on their linked bank accounts.

5.     Unfortunately, Zelle's operation, along with deceptive and incomplete marketing materials promulgated by TD Bank, means that users like Plaintiff end up paying huge amounts of bank fees, which TD Bank falsely assures users they will not receive and/or fails to warn users about.

6.     TD Bank touts the Zelle service as convenient, simple, and totally free. But it misrepresents and fails to disclose that overdraft and NSF fees are a likely and devastating consequence of the use of the Zelle service.

7.     Zelle prominently touts itself as offering "free" and "won't cost you any extra money for the transaction" money transfers. In light of these misrepresentations, Plaintiff and other reasonable consumers have no idea the service comes with these damaging risks.

8.     These risks are known to TD Bank but is omitted from all of its marketing.

9.     Had Plaintiff and the Class members known of the true operation and risks of the Zelle service—risks TD Bank alone was aware of and actively misrepresented—they would not have signed up for and used the Zelle service.

10.     Plaintiff and the Class members have been injured by TD Bank's practices. Plaintiff brings this action on behalf of himself, the putative Class, and the general public. Plaintiff seeks actual damages, punitive damages, restitution, and an injunction on behalf of the general public to prevent TD Bank and Zelle from continuing to engage in its illegal practices as described herein.

**PARTIES**

11.     Plaintiff Brian Gallant is a citizen and resident of Miami-Dade County, Florida.

12.     Defendant TD Bank, N.A., is federally chartered bank with its principal place of business in Cherry Hill, New Jersey.

**JURISDICTION AND VENUE**

13.     This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

14.     Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant is authorized to do business in the State of Florida and maintains a network of retail branches doing business in Florida that operates, conducts, engages in, and/or carries on business and business activities in Florida and engages in substantial and not isolated activity in Florida.

15.     Venue for this action is proper in this Court pursuant to Fla. Stat. §47.011 and §47.051 because Defendant has an agent or other representative and a substantial part of the events and omissions giving rise to this action occurred in Miami-Dade County, Florida.

**FACTUAL ALLEGATIONS**

**A.     Overview**

16.     It is free for TD Bank accountholders to sign up with Zelle, and in fact Zelle is integrated into the websites and mobile apps of TD Bank. In marketing and within the website and app itself, TD Bank encourages its accountholders to sign up for the Zelle service—a sign up that occurs quickly within the TD Bank website or mobile app. During that sign-up process, a user provides basic information to Zelle to link into the Zelle network.

17.     Signing up allows the fast transfer of account funds to other Zelle users.

18.     Created in 2017 by the largest banks in the U.S. to enable instant digital money transfers, Zelle is the country's most widely used money transfer service. Last year, people sent $490 billion in immediate payment transfers through Zelle.

19.     The Zelle network is operated by Early Warning Services, a company created and owned by seven banks: Bank of America, Capital One, JPMorgan Chase, PNC, Truist, U.S. Bank and Wells Fargo.

**B.     TD Bank Falsely Markets Zelle as a Fast and Free Way to Transfer Money**

20.     In its marketing about Zelle and during the Zelle signup process within TD Bank's mobile app or website, TD Bank makes repeated promises that Zelle is a fast and "free" way to send money. For example, TD Bank's website and mobile interface state:

## Send Money with Zelle® is easy, fast and free for TD customers

21.     TD Bank also promises about Zelle: "Move funds between your accounts and schedule transfers, plus use Send Money with Zelle to pay friends quickly, easily and for *free*" (emphasis added).

22.     At no time in its marketing or during the sign-up process does TD Bank warn potential users of the true risks of using the Zelle service—including the risk of incurring NSF and overdraft fees by TD Bank. To the contrary, in its marketing and during the sign-up processes, TD Bank repeatedly touts Zelle as a vehicle for simple, fast and free money transfers—without a credit feature.

23.     But Zelle's services can cause unsuspecting consumers like Plaintiff to incur massive fees on their linked bank accounts—fees imposed by TD Bank.  TD Bank is thus well aware of the risk that such fees will occur.

24.     TD Bank misrepresents (and omits facts about) the true nature, benefits, and risks of the Zelle service, the functioning of which means that users are at extreme and undisclosed risk of expensive bank fees when using Zelle. Had Plaintiff been adequately informed of these risks, he would not have signed up for or used Zelle.

25.     As alleged herein, Plaintiff had no idea that Zelle transfer could cause $35-each overdraft fees from TD Bank, and was never informed thereof.

26.     In marketing and promotions, TD Bank describes the Zelle service as simple, convenient, and easy—a no-fee way for consumers to transfer money.

27.     TD Bank's marketing never warns consumers of the extreme and crushing NSF and overdraft fee risk of using the service.

28.     TD Bank conceals from users the punishing risk of NSF and overdraft fees on small dollar Zelle transactions.

29.     TD Bank's marketing materials—including within its app and website—never disclose these risks and material facts, instead luring consumers to sign up for and use the service with promises of ease and lack of any cost.

30.     TD Bank knows that the Zelle service is likely to cause its accountholders to incur large bank fees.

31.     TD Bank's representations regarding Zelle—which all users view during the sign-up process—are false and contain material omissions.

**C.     TD Bank Never Informs Consumers Zelle has a Credit Feature**

32.     As occurred with Plaintiff, Zelle transfers often cause hefty overdraft or NSF Fees from accountholders' banks or credit unions.

33.     When a Zelle transfer occurs despite insufficient funds on an account, a user is being loaned funds to execute such a transfer.

34.     While touting Zelle, TD Bank never informed Plaintiff and other reasonable consumers were never informed Zelle had a credit feature.   To the contrary, TD Bank misrepresented that only funds already possessed by accountholders could be transferred via Zelle.

35.     When a bank pays an overdraft requested on funds transferred via Zelle, it is extending credit.  It is very expensive credit, indeed, according to the FDIC:

> For almost all study population banks operating an automated overdraft program, the main fee associated with the program was an NSF usage fee. Usage fees reported by these banks ranged from $10 to $38; the median fee was $27, charged on a per-transaction basis in almost all cases. In this context, a $27 fee charged for a single advance of $60 that was repaid in two weeks **roughly translated into an APR of 1,173 percent.** Many surveyed banks (24.6 percent) assessed additional fees on accounts that remained in negative balance status in the form of flat fees or interest charged on a percentage basis.

FDIC Study of Bank Overdraft Programs, 2008 (emphasis added).

36.     But TD Bank never warns users that Zelle may act as a credit device, either in marketing materials or during the sign-up process.

37.     Plaintiff and other reasonable consumers were not informed that TD Bank would make Zelle transfers for which they had insufficient funds—in effect, that TD Bank and Zelle would seek a loan on their behalf.

38.     In fact, TD Bank makes marketing representations directly to the contrary. For example:

> Move money in the moment.
>
> With *Zelle*, you can move money from your account to someone else's within minutes, so it's important you know and trust the person you're sending it to. Whether you're settling up IOUs before heading back from the beach or paying the babysitter before curfew hits, **your money is where you need it to be**, when you need it to be.

(emphasis added).

39.     And again:

> **Your money travels safely** from the minute you hit send to the minute it hits their account. Straight from you to them. So you get peace of mind and so does your nanny, your neighbor, and your friend Ned who sold you his old TV.

(emphasis added).

40.     The references to "your money" can have only one meaning: a Zelle transfer moves funds already possessed and owned by the accountholder—not loaned funds from the Bank.

41.     TD's marketing materials regarding the Zelle service were especially misleading in combination with its contract promises in the TD Deposit Agreement (Ex. A hereto). In that document, TD states:

> We do not have to allow you to make an overdraft. It may be a crime to intentionally withdraw funds from an Account when there are not enough funds in the Account to cover the withdrawal or when the funds are not yet available for withdrawal.

42.     Read in conjunction with its marketing representations regarding Zelle, this provision reasonably promised to Plaintiff and other accountholders that TD would not create or "allow" overdrafts on Zelle transfers for which there were not sufficient funds in an account.

43.     By "allowing" overdrafts for Zelle transfers that it promised in marketing would be "free" and would only transfer money already possessed by an accountholder (not loaned by

TD Bank), TD both violated its marketing promises and violated its contract promises, including the implied covenant of good faith and fair dealing.

### D. Plaintiff Gallant's Experience

44. When Plaintiff signed up for Zelle he was not informed that Zelle's service had a significant "catch" and that significant fees and costs could result from use of this supposedly "free" service.

45. While Plaintiff has sometimes used Zelle without incident, on other occasions he has incurred expensive overdraft fees or NSF Fees from TD Bank as a result of using the service—penalties that far outweigh the benefits of the service.

46. For example, on May 20, 2021, Plaintiff transferred $150 using Zelle through TD Bank's mobile app.

47. That transfer resulted in a $35 OD/NSF Fee.

48. On August 30, 2021, Plaintiff transferred $120 using Zelle through TD Bank's mobile app.

49. That transfer resulted in a $35 OD/NSF Fee.

### CLASS ALLEGATIONS

50. Plaintiff brings this action individually and as representatives of all those similarly situated, on behalf of the below-defined Classes:

> All TD Bank accountholders who used the Zelle Service and incurred overdraft or NSF Fees as a result of a Zelle transaction on their account (the "Class").

> All TD Bank accountholders in Florida who used the Zelle Service and incurred overdraft or NSF Fees as a result of a Zelle transaction on their account (the "Florida Class").

51.     Excluded from the Classes are Defendant and its affiliates, parents, subsidiaries, employees, officers, agents, and directors. Also excluded are any judicial officers presiding over this matter and the members of their immediate families and judicial staffs.

52.     This case is appropriate for class treatment because Plaintiff can prove the elements of their claims on a class wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

53.     **Numerosity:** The members of the Classes are so numerous that joinder of all members would be unfeasible and impracticable. The precise membership of the Classes is unknown to Plaintiff at this time; however, it is estimated that the Classes number is greater than one hundred individuals. The identity of such membership is readily ascertainable via inspection of Defendant's books and records or other approved methods. Class members may be notified of the pendency of this action by mail, email, internet postings, and/or publication.

54.     **Common Questions of Law or Fact:** There are common questions of law and fact as to Plaintiff and all other similarly situated persons, which predominate over questions affecting only individual Class members, including, without limitation:

a)      Whether TD Bank's representations and omissions about Zelle are false, misleading, deceptive, or likely to deceive;

b)      Whether TD Bank misrepresented the NSF and overdraft fee risks of using the Zelle service;

c)      Whether Plaintiff and the Class members were damaged by TD Bank's conduct;

d)      Whether TD Bank's actions violated the consumer protection statute invoked herein; and

e)      Whether Plaintiff is entitled to a preliminary and permanent injunction enjoining TD Bank's conduct.

55.    **Predominance of Common Questions:** Common questions of law and fact predominate over questions that affect only individual members of the Classes. The common questions of law set forth above are numerous and substantial and stem from Defendant's uniform practices applicable to each individual Class member. As such, these common questions predominate over individual questions concerning each Class member's showing as to his or her eligibility for recovery or as to the amount of his or her damages.

56.    **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class because, among other things, Plaintiff and all Class members were similarly injured through Defendant's uniform misconduct as alleged above. As alleged herein, Plaintiff, like the members of the Classes, was deprived of monies that rightfully belonged to him. Further, there are no defenses available to TD Bank that are unique to Plaintiff.

57.    **Adequacy of Representation:** Plaintiff is an adequate class representative because he is fully prepared to take all necessary steps to represent fairly and adequately the interests of the members of the Classes, and because their interests do not conflict with the interests of the other Class members they seek to represent. Moreover, Plaintiff's attorneys are ready, willing, and able to fully and adequately represent Plaintiff and the members of the Classes. Plaintiff's attorneys are experienced in complex class action litigation, and they will prosecute this action vigorously.

58.    **Superiority:** The nature of this action and the claims available to Plaintiff and members of the Classes make the class action format a particularly efficient and appropriate procedure to redress the violations alleged herein. If each Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage since it would

be able to exploit and overwhelm the limited resources of each individual Plaintiff with its vastly superior financial and legal resources. Moreover, the prosecution of separate actions by individual Class members, even if possible, would create a substantial risk of inconsistent or varying verdicts or adjudications with respect to the individual Class members against Defendant, and which would establish potentially incompatible standards of conduct for Defendant and/or legal determinations with respect to individual Class members which would, as a practical matter, be dispositive of the interests of the other Class members not parties to adjudications or which would substantially impair or impede the ability of the Class members to protect their interests. Further, the claims of the individual members of the Classes are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses attending thereto.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")**
**Fla. Stat. § 501.201, *et seq*.**
**(On Behalf of Plaintiff and the Classes)**

59.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

60.     This cause of action is brought pursuant to the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. The stated purpose of the FDUTPA is to "protect the consuming public … from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2).

61.     Plaintiff and members of the classes are "consumers" as defined by Fla. Stat. § 501.203(7).

62.     TD Bank engaged in "trade or commerce" as defined by Fla. Stat. § 501.203(8) by offering the Zelle money transfer services through its website and mobile app.

63.    As described herein, TD Bank's misrepresentations that it provides free money transfer services via Zelle through its website and mobile app constitutes an unconscionable, unfair and/or deceptive act in trade or commerce in violation of Fla. Stat. § 501.201.

64.    As described herein, TD Bank's material omission that Zelle may operate as a credit device when a Zelle transfer occurs despite insufficient funds on an account constitutes an unconscionable, unfair and/or deceptive act in trade or commerce in violation of Fla. Stat. § 501.201.

65.    TD Bank's practice of assessing NSF and overdraft fees on its accountholders' Zelle transactions is deceptive because of TD Bank's marketing and representations that Zelle transfers from consumers' accounts are free.

66.    TD Bank's material omission that Zelle may operate as a credit device when a Zelle transfer occurs despite insufficient funds on an account is deceptive because of TD Bank's marketing and representations that Zelle money transfers moves funds already possessed and owned by the accountholder.

67.    TD Bank's deceptive misrepresentations of the material risks of the Zelle service, including the risk of incurring expensive NSF and overdraft fees, is a practice that is likely to mislead a consumer acting reasonable under the circumstances, to the consumer's detriment.

68.    As a direct and proximate result of TD Bank's unfair, unconscionable, and/or deceptive acts or practices, Plaintiff and members of the Class have been harmed and suffered actual damages.

### COUNT II
**Breach of Contract Including the Covenant of Good Faith and Fair Dealing**
**(On Behalf of Plaintiff and the Classes)**

69.    Plaintiff repeats and realleges the above allegations as if fully set forth herein.

70.     Plaintiff and members of the Classes contracted with TD Bank for checking account services, as embodied in the Deposit Agreement. In marketing and during the sign-up process, TD Bank repeatedly promises Zelle as a vehicle for simple, fast and *free* money transfers for consumers.

71.     As described herein, TD Bank breached the terms of the contract and promises that Zelle is free, no-fee way for accountholders to transfer money.

72.     Further, Florida mandates that an implied covenant of good faith and fair dealing govern every contract. For banking transactions, this is also mandated by the Uniform Commercial Code that has been adopted in each state. The covenant of good faith and fair dealing constrains Defendant's discretion to abuse self-granted contractual powers.

73.     This good faith requirement extends to the manner in which a party employs discretion conferred by a contract.

74.     Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit—not merely the letter—of the bargain. Put differently, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms constitute examples of bad faith in the performance of contracts.

75.     Subterfuge and evasion violate the obligation of good faith in performance even when an actor believes his conduct to be justified. A lack of good faith may be overt or may consist of inaction, and fair dealing may require more than honesty. Other examples of violations of good faith and fair dealing are willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance.

76.     TD Bank breached the covenant of good faith and fair dealing as explained herein.

77.     Each of Defendant's actions was done in bad faith and was arbitrary and capricious.

78.     Plaintiff and members of the Classes have performed all of the obligations imposed on them pursuant to the Bank's agreements.

79.     Plaintiff and members of the putative Classes have sustained monetary damages as a result of each of Defendant's breaches.

**COUNT III**
**Unjust Enrichment**
**(In the Alternative to COUNT II)**
**(On Behalf of Plaintiff and the Classes)**

80.     Plaintiff repeats and realleges the above allegations as if fully set forth herein.

81.     This count is brought solely in the alternative. Plaintiff acknowledges that his breach of contract claim cannot be tried along with unjust enrichment.

82.     To the detriment of Plaintiff and the Classes, Defendant has been, and continues to be, unjustly enriched as a result of its deceptive and wrongful conduct alleged herein.

83.     Plaintiff and the Classes conferred a benefit on Defendant when they paid Defendant the fees that were not disclosed or allowed for in the Deposit Agreement or marketing materials.

84.     Defendant unfairly, deceptively, unjustly, and/or unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendant to retain.

85.     Plaintiff and the Classes, therefore, seek disgorgement of all wrongfully obtained fees received by Defendant as a result of its inequitable conduct as more fully stated herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the Classes, demands a jury trial on all claims so triable and judgment as follows:

A.      Certifying the proposed Classes, appointing Plaintiff as representative of the Classes, and appointing counsel for Plaintiff as lead counsel for the respective Classes;

B.      Declaring that TD Bank's policies and practices as described herein constitute a breach of contract, a breach of the covenant of good faith and fair dealing or unjust enrichment, and/or a violation of the Florida Deceptive and Unfair Trade Practices Act;

C.      Enjoining TD Bank from the wrongful conduct as described herein;

D.      Awarding restitution of all fees at issue paid to TD Bank by Plaintiff and the Classes as a result of the wrongs alleged herein in an amount to be determined at trial;

E.      Compelling disgorgement of the ill-gotten gains derived by Defendant from its misconduct;

F.      Awarding actual and/or compensatory damages in an amount according to proof;

G.      Punitive and exemplary damages;

H.      Awarding pre-judgment interest at the maximum rate permitted by applicable law;

I.      Reimbursing all costs, expenses, and disbursements accrued by Plaintiff in connection with this action, including reasonable attorneys' fees, costs, and expenses, pursuant to applicable law and any other basis; and

J.      Awarding such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff and all others similarly situated hereby demand trial by jury on all issues in this Class Action Complaint that are so triable.

Dated: April 13, 2022

Respectfully submitted,

**SHAMIS & GENTILE, P.A.**

By: _/s/ Andrew J. Shamis_
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
Edwin E. Elliott, Esq.
Florida Bar No. 1024900
edwine@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
(t) (305) 479-2299

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
Christopher Gold, Esq.
Florida Bar No. 088733
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

_Counsel for Plaintiff and the Proposed Class_

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-006836-CA-01**

BRIAN GALLANT, individually and on behalf of all                    CLASS ACTION
others similarly situated,

     *Plaintiff*,                                                                                    JURY TRIAL DEMANDED

vs.

TD BANK, N.A.,

     *Defendant*.

_____/

## <u>SUMMONS</u>

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

          TD BANK, N.A.
          c/o United States Corporation Company- Registered Agent
          1201 Hays St
          Tallahassee, FL 32301
     Each Defendant is required to serve written defenses to the Complaint or petition on**: Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____.

                    As Clerk of the Court

                    By: _____
                          As Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

**CASE NO. 2022-006836-CA-01**

BRIAN GALLANT, individually and on behalf of all        CLASS ACTION
others similarly situated,

     *Plaintiff,*                                JURY TRIAL DEMANDED

vs.

TD BANK, N.A.,

     *Defendant.*

_____ /

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

         **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

                 TD BANK, N.A.
                 c/o United States Corporation Company- Registered Agent
                 1201 Hays St
                 Tallahassee, FL 32301
         Each Defendant is required to serve written defenses to the Complaint or petition on**:
Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida
33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of
the date of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the complaint or
petition.
                         4/20/2022
Dated this _____ day of _____.

                         Harvey Ruvin,       As Clerk of the Court
                         Clerk of Courts

                                          217043
                                   By: _____
                                         As Deputy Clerk

Filing # 149184742 E-Filed 05/09/2022 11:21:16 AM

## RETURN OF SERVICE

State of Florida        County of Miami-Dade        Circuit Court

Case Number: 2022-006836-CA-01

Plaintiff:
**BRIAN GALLANT**

vs.

Defendant:
**TD BANK, N.A.**

For:
SHAMIS & GENTILE, P.A.

KDY2022016396

Received by GLOBAL PROCESS SERVICES CORP. on the 6th day of May, 2022 at 10:55 am to be served on **TD BANK, N.A. UNITED STATES CORPORATE SERVICE COMPANY - REGISTERED AGENT, 1201 HAYS STREET, TALLAHASSEE, FL 32301**.

I, Wyatt Kady, do hereby affirm that on the **6th day of May, 2022** at **11:30 am, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the **SUMMONS, CLASS ACTION COMPLAINT, AND JURY TRIAL DEMAND** with the date and hour of service endorsed thereon by me, to: **SHEENA BLACK** as **SERVICE LIAISON** authorized to accept service, of the within named corporation, at the address of: **1201 HAYS STREET, TALLAHASSEE, FL 32301** on behalf of **TD BANK, N.A.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 30, Sex: F, Race/Skin Color: WHITE, Height: 5'7', Weight: 120, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document and that the facts in it are true" F.S. 92.525.  NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**Wyatt Kady**
Process Server 249

**GLOBAL PROCESS SERVICES CORP.**
**P.O. Box 961556**
**Miami, FL 33296**
**(786) 287-0606**

Our Job Serial Number: KDY-2022016396
Ref: 22-1022

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1z

Filing # 147918492 E-Filed 04/19/2022 10:02:39 AM



IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2022-006836-CA-01

BRIAN GALLANT, individually and on behalf of all           CLASS ACTION
others similarly situated,

    *Plaintiff,*                                       JURY TRIAL DEMANDED

vs.

TD BANK, N.A.,

    *Defendant.*

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this action on Defendant:

        TD BANK, N.A.
        c/o United States Corporation Company- Registered Agent
        1201 Hays St
        Tallahassee, FL 32301

    Each Defendant is required to serve written defenses to the Complaint or petition on: **Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

                    4/20/2022

Dated this _____ day of _____.

           Harvey Ruvin,            As Clerk of the Court
           Clerk of Courts

                          **217043**
                      By: _____
                          As Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

### CASE NO. 2022-006836-CA-01

BRIAN GALLANT, individually and on behalf of all
others similarly situated,                                                   CLASS ACTION

     *Plaintiff*,                                                                JURY TRIAL DEMANDED

vs.

TD BANK, N.A.,

     *Defendant*.

_____/

### <u>SUMMONS</u>

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint, in this
action on Defendant:

          TD BANK, N.A.
          c/o United States Corporation Company- Registered Agent
          1201 Hays St
          Tallahassee, FL 32301
     Each Defendant is required to serve written defenses to the Complaint or petition on**:
Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida
33132**, within **twenty (20) days** after service of this summons on that Defendant, exclusive of
the date of service, and to file the original of the defenses with the Clerk of this Court either
before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a
default will be entered against that Defendant for the relief demanded in the complaint or
petition.

              4/20/2022
Dated this _____ day of _____.

               Harvey Ruvin,          As Clerk of the Court
               Clerk of Courts

                            **217043**

                      By: _____
                            As Deputy Clerk