UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-21714-ALTONAGA/TORRES

BRIAN GALLANT, individually and on behalf of all others similarly situated, )
)
)
          Plaintiff, )
)
  v. )
)
TD BANK, N.A., )
)
          Defendant. )
)

**UNOPPOSED MOTION FOR AN EXTENSION OF TIME FOR
TD BANK, N.A. RESPOND TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Defendant TD Bank, N.A. ("TD Bank") hereby moves for an Order extending the time for TD Bank to answer or otherwise respond to Plaintiff's Class Action Complaint ("Complaint"). In support of its motion, TD Bank states as follows:

1. On or about April 13, 2022, Plaintiff filed his Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case Number 2022-006836-CA-01.

2. TD Bank was served with a copy of the Complaint and Summons on May 6, 2022. Before TD Bank's response to the Complaint was due in the state court, Plaintiff agreed to extend TD Bank's deadline to respond to the Complaint through June 27, 2022.

3. On June 3, 2022, TD Bank removed this action to the United States District Court for the Southern District of Florida.

4. Pursuant to FRCP 81(c)(2), the current deadline for TD Bank to file its response to Plaintiff's Complaint is June 10, 2022.

5. The putative Class Action Complaint alleges three counts for violation of the Florida Deceptive and Unfair Trade Practices Act, breach of contract including the covenant of good faith and fair dealing, and unjust enrichment. Plaintiff seeks to represent a nationwide class of TD Bank accountholders who used the Zelle Service and incurred overdraft or NSF Fees as a result of a Zelle transaction on their account, as well as a Florida subclass. Due to the complexity of issues presented and the need to analyze them thoroughly to properly present its defenses, TD Bank respectfully requests an extension of time through and including June 27, 2022, within which to file and serve its response to the Complaint.

6. Rule 6(b) of the Federal Rules of Civil Procedure provides: "When an act may or must be done within a specified time, the court may, for good cause, extend the time." "[A]n application for enlargement of time under Rule 6(b)(1) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B C. Wright & A. Miller, Federal Practice & Procedures § 1165 (3d ed. 2002). Neither condition is present here. TD Bank makes this request in good faith and not for the purpose of causing undue delay. This is TD Bank's first request for an extension, and no party will be prejudiced by the extension sought.

7. Plaintiff does not oppose the requested extension.

8. A proposed Order is attached hereto as Exhibit A.

WHEREFORE, TD Bank respectfully requests an extension of time through and including June 27, 2022, within which to respond to Plaintiff's Complaint.

Dated: June 6, 2022	Respectfully submitted,

               s/ Jamie Zysk Isani
               Jamie Zysk Isani
               Florida Bar No. 728861
               HUNTON ANDREWS KURTH LLP
               333 S.E. 2nd Avenue, Suite 2400
               Miami, FL 33131
               Telephone: (305) 810-2500
               Facsimile: (305) 810-2460
               jisani@huntonak.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was electronically filed on June 6, 2022 with the Clerk of Court and served upon all counsel of record via the Court's ECF System; and by the U.S. Postal Service and email on:

EDWIN E. ELLIOTT
SHAMIS & GENTILE, P.A.
14 N.E. 1ST Avenue, Suite 705
Miami, FL 33132
edwine@shamisgentile.com

               s/ Jamie Zysk Isani
               Jamie Zysk Isani
               Florida Bar No. 728861