UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BRIAN GALLANT, individually and on behalf of
all others similarly situated,

    *Plaintiff*,

v.

TD BANK, N.A.,

    *Defendant*.

_____/

CLASS ACTION

Case No. 1:2022-cv-21714

JURY TRIAL DEMANDED

## PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AND REQUEST FOR LEAVE TO AMEND COMPLAINT PURSUANT TO RULE 15

Plaintiff Bernard Mensah ("Plaintiff"), by and through undersigned counsel, responds to this Honorable Court's Order to Show Cause [ECF No. 22] as to why Plaintiff filed his First Amended Complaint more than 21 days after service of Defendant's Motion to Dismiss and in support thereof, Plaintiff states as follows:

This Honorable Court issued a Show Cause Order on July 12, 2022 directing Plaintiff to show cause as to why he failed to comply with Federal Rule of Civil Procedure 15 which allows parties to amend pleadings to which a response is required once as a matter of course if the amended pleading is filed "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). After the expiration of 21 days, all other amendments require the opposing party's written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(1)(B).

1

Defendant filed its Motion to Dismiss [ECF No. 13] on June 17, 2022 and Plaintiff filed his First Amended Complaint [ECF No. 21], more than 21 days later, on July 11, 2022. Clearly, Plaintiff failed to comply with Rule 15's time requirement to amend as a matter of course.

Plaintiff asserts here that his failure to comply with the Rule 15 was not out of conscious indifference to this Honorable Court or the Federal Rules of Civil Procedure. Plainly, Plaintiff's noncompliance was due to human fallibility and administrative error.

Specifically, Plaintiff requested an extension of time to respond to Defendant's Motion to Dismiss and the Court granted his request for extension up and through July 11, 2022 [ECF No 18]. Upon receipt of the order, Plaintiff's counsel's staff updated the calendar entries for this case and mistakenly edited the deadline to amend his complaint as a matter of course from July 8, 2022 to July 11, 2022. Again, Plaintiff reiterates that this was purely a scheduling oversight and was not out of disregard for this Honorable Court and its authority or instruction.

Accordingly, Plaintiff now respectfully requests the Court to permit Plaintiff leave to file his First Amended Complaint, pursuant to Rule 15(a). And for grounds thereof, states as follows:

**I.      INTRODUCTION AND BACKGROUND**

Plaintiff brings the instant putative class action lawsuit against Defendant TD Bank, N.A. ("TD Bank" or "Defendant"), on behalf of a national class of TD Bank checking accountholders and a Florida subclass of checking accountholders who have incurred insufficient funds fees ("NSF fees") or overdraft fees ("OD fees") as a result of the Zelle money transfer service marketed, promoted and implemented on accounts by Defendant [ECF No. 1, Complaint]. Plaintiff alleges that Defendant has engaged in false and deceptive marketing and breached the promises made in its Deposit Agreement and marketing, where TD Bank repeatedly promises Zelle as a vehicle for simple, fast, and *free* money transfers for consumers. Plaintiff seeks redress under Florida's

Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201 *et seq.*, as well as for breach of contract and under a theory of unjust enrichment.

On April 13, 2022, Plaintiff filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County [ECF No. 1]. Defendant, on June 3, 2022, removed this action to the United States District Court for the Southern District of Florida. *Id*. On June 17, 2022, Defendant moved to dismiss the Complaint arguing that Defendant, as a federally regulated bank, is statutorily exempt from liability under the FDUTPA requiring dismissal of Count I and that Defendant's contractual agreements bar Counts II and III [ECF No. 13]. The Court granted Plaintiff an extension of time through July 11, 2022, to respond to Defendant's Motion to Dismiss [ECF No. 18]. Plaintiff filed his First Amended Complaint on July 11, 2022 [ECF No. 21]. Upon *sua sponte* review, the Court ordered Plaintiff to state specifically his justification for filing the First Amended Complaint and noted that it was filed more than 21 days after Defendant filed its Motion to Dismiss [ECF No. 22].

Accordingly, Plaintiff now seeks the Court's permission for leave to amend his Complaint to join Early Warning Services, LLC, as an additional defendant; to dismiss the FDUTPA claim against TD Bank; and to assert a negligent misrepresentation claim against TD Bank.

## II. <u>LEGAL STANDARD</u>

Rule 15(a) instructs that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has directed that leave to amend should be denied only in cases marked by undue delay, bad faith or dilatory motive, futility of amendment, or undue prejudice to the opposing party. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit has further explained that "[u]nless there is a substantial reason to deny leave to

amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (alteration added; citation omitted).

### III. ARGUMENT

Here, none of the *Foman* reasons are present to permit denial of leave to amend. Thus, the interest of justice and deciding the merits of Plaintiff's claims require the Court to grant leave to amend and allow Plaintiff to amend his Complaint.

First, there is no undue delay, bad faith, or dilatory motive behind the instant request to amend. In the context of undue delay, the "mere passage of time, without anything more, is an insufficient reason to deny leave to amend." *Floyd v. Eastern Airlines, Inc.*, 872 F.2d 1462, 1490 (11th Cir. 1989) (citations omitted), *rev'd on other grounds*, 499 U.S. 530 (1991). By contrast, "[p]rejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided." *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (alteration added; citation omitted). This is Plaintiff's first request to amend through Rule 15(a)'s procedures and before the Court's deadline for the amendment of pleadings and joinder of parties, before any dispositive motions have been fully briefed, before class certification deadline, and before the parties have engaged in discovery—which they have until December 12, 2022 to complete [ECF No. 17]. That Defendant has not begun to respond to discovery highlights the absence of prejudice that would result to Defendant. *See Am. Heat Indus., Inc. v. Niagara Indus., Inc.*, No. 08-21889-CIV, 2009WL 10668939, at *1 (S.D. Fla. Jan. 23, 2009) (when motion for leave to amend was filed on December 31, 2008 "any concerns with delay [we]re ameliorated given that fact discovery [did] not close until May 11, 2009 and expert discovery [did] not end until June 30, 2009, giving [party] ample time to form a

defense . . . and therefore causing [party] no undue prejudice. As such, Plaintiff's request is timely and not brought forth in bad faith or for dilatory motives.

Nor has there been a repeated failure to cure deficiencies justifying denying leave to amend; as stated earlier this is Plaintiff's first request to amend to rectify alleged shortcomings in the Complaint in response to Defendant's Motion to Dismiss. *See Bryant v. Dupree*, 252 F.3d 1161, 1163-64 (11th Cir. 2001) (district court abused its discretion in denying leave to amend when plaintiffs had only once previously amended complaint in response to defendant's original motion to dismiss and reasoning that "it cannot be said … that the plaintiffs had failed to cure deficiencies through previously allowed amendments").

Defendant will suffer no undue prejudice from allowing Plaintiff to amend his Complaint. "Amendments may be granted as a case develops as long as the amendment does not unduly surprise an opposing party or prevent the opposing party form presenting its case." *Cont'l Cas. Co. v. Cura Grp., Inc.*, No. 03-61846-CIV, 2007 WL 9700770, at *2 (S.D. Fla. July 18, 2007). As this case is still in its early stages, Defendant is not being prevented from presenting its case and Defendant cannot claim undue surprise in joining Early Warning Services, LLC ("EWS") as an additional defendant when the Court's scheduling order allows the joinder of other parties until August 2, 2022. Further, EWS's Zelle money transfer service goes to the core of Plaintiff's claims in the operative Complaint, so Defendant has had sufficient notice that EWS might be joined as a party.[1] Additionally, although Plaintiff is seeking to assert a new theory of liability against Defendant TD Bank, it cannot claim undue prejudice. *See, e.g., Stewart v. Bureaus Inv. Grp. No. 1, LLC*, 24 F. Supp. 3d 1142, 1164–65 (M.D. Ala. 2014) (granting leave to amend over objection

---

[1] Adding a party to an action is governed by Rule 21, which similarly allows parties to be dropped or added "at any time, on just terms." Fed. R. Civ. P. 21; *Blaszkowski v. Natura Pet Prod., Inc.*, No. 07-21221-CIV, 2008 WL 11408621, at *4 (S.D. Fla. Oct. 8, 2008).

of undue delay to allow plaintiff to assert new theories of liability four years after the inception of the case); *Gropp v. United Airlines, Inc.*, 847 F. Supp. 941, 945 (M.D. Fla. 1994) ("A change of the legal theory of the action cannot be accepted as the test of the propriety of a proposed amendment." (citation omitted)).

Finally, Plaintiff's First Amended Complaint is meritorious and addresses the deficiencies asserted in Defendant's Motion to Dismiss. "'Leave to amend should not be denied on the ground of futility unless the proposed amendment is clearly insufficient or frivolous on its face.'" *Karla Bakery Corp.*, 2019 WL 2775885, at *1 (internal alterations omitted) (quoting *Montes v. M & M Mgmt. Co.*, No. 15-80142-CIV, 2015 WL 11254703, at *1 (S.D. Fla. May 12, 2015)). The First Amended Complaint dismisses the FDUTPA cause of action against Defendant TD Bank as it has blanket statutory immunity and instead, now seeks to bring a claim of negligent misrepresentation for TD Bank's deceptive misrepresentations and omissions regarding the Zelle money transfer service being "free," for failing to disclose the massive risk of incurring overdraft and NSF fees when using the Zelle service, and the material omission that Zelle may act as a credit feature and transfer funds that are not actually in a consumer's account. Moreover, the First Amended Complaint alleges that EWS violated the FDUTPA by claiming its Zelle service is "free" when in reality consumers, such as Plaintiff, run the risk of incurring OD and NSF fees thereby "costing" consumers to use the Zelle service. Accordingly, leave to file the First Amended Complaint is warranted.

None of the *Forman* factors support denying Plaintiff leave to amend; in contrast, the policies underlying Rule 15(a) require Plaintiff's request be granted. The "thrust of Rule15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should

liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014) (citing *Foman*, 371 U.S. at 182). Here, Plaintiff's First Amended Complaint presents meritorious claims with additional defendants. Because no substantial reason to deny leave to amend exists, Rule 15(a) requires that Plaintiff's claims be heard on their merits.

### IV.   CONCLUSION

Based on the foregoing, Plaintiff Brian Gallant respectfully requests this Honorable Court grant leave to amend his Complaint in response to the Motion to Dismiss, and any other relief deemed just and proper.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)

Plaintiff has conferred with Defendant's counsel about the requested amendment in accordance with Local Rule 7.1(a)(3), and Defendant's counsel "neither consents to nor opposes" the relief requested.

Dated: July 14, 2022

Respectfully submitted,

**SHAMIS & GENTILE, P.A.**

*/s/ Andrew Shamis*
Andrew J. Shamis
Florida Bar No. 101754
Edwin E. Elliott
Florida Bar No. 1024900
14 NE 1st Ave, Suite 705
Miami, Florida 33132
Tel: (305) 479-2299
ashamis@shamisgentile.com
edwine@shamisgentile.com

*Counsel for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July 2022, I served a copy of the foregoing document on all counsel of record who have appeared in this case via electronic mail.

                                                          */s/ Andrew Shamis*
                                                          Andrew Shamis